SAMUEL PARKER *vs.* ASAHEL HUNTINGTON & another.

A declaration, in an action against two, for maliciously conspiring to have the plaintiff indicted for perjury, need not set out any agreement to do any act in itself unlawful, or any act, lawful in itself, by unlawful means.

*It seems,* that an action against a district attorney and another person, for maliciously contriving to have the plaintiff indicted, and by false representations obtaining an

indictment against him for perjury, they knowing that he had not committed it, and by their false testimony obtaining a verdict of guilty against him, which was afterwards set aside, and a *nolle prosequi* entered, cannot be maintained.

ACTION OF TORT against Asahel Huntington and George F. Farley. The declaration alleged that, at October term 1843 of the court of common pleas for this county, a complaint for perjury against Farley was examined before the grand jury, in support of which the plaintiff was a witness, and Huntington was then and there before the grand jury as district attorney, and the defendants maliciously contrived and came to the determination to draw from the plaintiff, while testifying on said complaint, evidence which could be used to indict him for the crime of perjury, and, in pursuance of previous concert and determination between them, Huntington inquired of the plaintiff, while testifying on said complaint, if he agreed to pay Farley extra interest on certain contracts, to which he gave a negative answer; and afterwards, at February term 1845 of said court, the defendants maliciously contrived to have the plaintiff indicted for the crime of perjury, and, in pursuance of previous concert and determination to that effect, preferred a complaint to the grand jury, charging the crime of perjury upon the plaintiff in falsely testifying, upon said complaint against Farley, concerning an agreement by him to pay extra interest to Farley, and Farley appeared before the grand jury as a witness, and Huntington as district attorney, in support of the complaint which they had preferred against the plaintiff, by means of which an indictment was obtained charging the plaintiff with falsely testifying upon said complaint against Farley, (the particulars of which testimony were set forth in the declaration,) the defendants knowing that the plaintiff did not commit the crime of perjury charged in said indictment; and that it was procured by false representations; that the plaintiff was arrested by order of Huntington, and put upon trial upon said charge of perjury, and by means of false testimony, sworn by Huntington and Farley on the trial, a verdict of guilty was returned by the jury against him, but was set aside, and afterwards a *nolle prosequi* was entered, and the plaintiff released; that he

11 *

suffered greatly in his mind in consequence of said false and malicious charge, and by reason of the verdict of the jury against him, wrongfully obtained as aforesaid, by which he was put in great peril of incarceration in the state prison, and was subjected to great expense in defending himself against said false and malicious charge.

The defendants demurred, " because the said declaration does not state a legal cause of action, substantially in accordance with the rules of practice established by law, in this; that it does not set out any agreement to do any act in itself unlawful, nor any act, lawful in itself, but done by unlawful means."

*J. G. Abbott*, for the defendants.

*B. F. Butler*, for the plaintiff.

BIGELOW, J.   The demurrer to the plaintiff's declaration in this case is special, being intended to conform to the provisions of the practice act, *St.* 1852, *c.* 312, §§ 17, 20, 21.   Unless therefore it can be sustained for the causes specifically assigned, it cannot avail the defendants.

Upon reference to these causes, it is manifest that the demurrer proceeds solely on the ground, that the present action, as set out in the plaintiff's declaration, is an action of conspiracy, the gist of which is the unlawful combination or agreement of the defendants to do an act unlawful in itself, or to do a lawful act by unlawful means.   These constitute the very substance and essence of a conspiracy, defined and understood in its strictest sense as a criminal offence at common law.   The demurrer to the declaration, on the ground that it does not set out an agreement to do any act in itself unlawful, or any act, lawful in itself, by unlawful means, therefore raises the precise question, whether it is necessary for the plaintiff, in order to maintain an action against the defendants for the cause set out in the declaration, to aver and prove a conspiracy on the part of the defendants, within the technical meaning of that word.

By the ancient forms of pleading, all actions for malicious prosecution, where two or more were made defendants, were laid with a charge of conspiracy.   This practice is supposed to have had its origin in the phraseology of *St.* 21 Edw. L, which

gave the form of writs in such cases by using the words *de placito conspirationis et transgressionis.* 1 Saund. 230, *note.* But the charge of conspiracy was never deemed essential to the action; and in modern times this form of allegation has fallen into entire, disuse. By the rules of the common law, an action of conspiracy, or to use an equivalent expression, a writ of conspiracy, was never allowed but in two cases; one for conspiring to procure a man to be indicted for treason; the other for a conspiracy to prosecute a man for felony by which life was put in danger. And in these cases, the action was confined within very narrow limits, and would lie only when a party was acquitted by a verdict, such as would enable him to plead *autrefois acquit,* if again indicted for the same crime. 2 Selw. N. P. (11th ed.) 1062. This form of action has however become obsolete in those cases where it was allowed at common law, having been superseded by the action on the case in the nature of a conspiracy, which furnishes an adequate and more liberal remedy for malicious prosecutions of every nature and description. *Savile* v. *Roberts,* 1 Ld. Raym. 374. 1 Saund. 230, *note. Jones* v. *Baker,* 7 Cow. 445.

The present action, not being for a malicious prosecution for treason or for a felony whereby life was endangered, can in no sense be regarded as an action for conspiracy. It is simply an action on the case. The charge of conspiracy is mere surplusage, intended and used as matter of aggravation, and therefore not necessary to be alleged or proved. The gist of the action is not the conspiracy; but the damage done to the plaintiff by the acts of the defendants; and this is equally great, whether it be the result of a conspiracy, or of the act of a single individual. The insertion, in the declaration, of the averment, that the acts done were in pursuance of a conspiracy, does not change the nature of the action; it is nevertheless an action on the case, and is to be tried and determined upon the well settled rules applicable to that form of action.

Upon this ground it was early held, that if an action be brought against two defendants for procuring a man to be indicted for an offence, which was neither treason, nor felony

by w..ich life was put in danger, though the word *conspiraverunt* be in the writ, yet if one be acquitted, the other may be found guilty. *Savile* v. *Roberts*, 1 Ld. Raym. 379. 1 Saund. 230, *note*. *Subley* v. *Mott*, 1 Wils. 210. Com. Dig. Action upon the case for conspiracy, C. 1. These decisions proceeded on the ground, that the action was founded on a tort, and was therefore maintainable against one only, as well as against several, for the damage occasioned by the wrongful act.

It was not necessary therefore for the plaintiff in the present action to aver a conspiracy on the part of the defendants or to allege an agreement on their part to do any act in itself unlawful, or any act lawful in itself, but effected by unlawful means. These averments are immaterial, and not essential to the maintenance of the action. The plaintiff can maintain his case by proof of a malicious prosecution by both or either of the defendants. *Payson* v. *Caswell*, 22 Maine, 226. *Dunlap* v. *Glidden*, 31 Maine, 435. *Jones* v. *Baker*, 7 Cow. 445.

It necessarily follows from these principles and authorities, that the present action must depend upon the well settled rules applicable to actions on the case for a malicious prosecution; and the plaintiff must show in its support a sufficient and proper ending of the indictment against him, and a want of probable cause.

As the demurrer was special, and the causes assigned did not go to the entire declaration, we have not carefully considered whether it sets out a good cause of action, although we are inclined to the opinion that the averments bring it within previous decisions of this court, by which it has been held, that an action for malicious prosecution cannot be sustained upon facts similar to those stated in the plaintiff's declaration. *Bacon* v. *Towne*, 4 Cush. 217. *Parker* v. *Farley*, 10 Cush. 279.

The declaration not being insufficient for the cause set out in the demurrer, the entry must be *Demurrer overruled.*